UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
    SHARAFALDIN AHMED,
                              Plaintiff,

                -v-                          21-CV-743 (JPO)

    UPS, *et al.*,                                  ORDER
                              Defendants.
-------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

        On January 27, 2021, Plaintiff Sharafaldin Ahmed, proceeding *pro se*, filed this case against Defendants UPS and Pasternack Tilken Ziegler Walsh Stanton & Romano LLP ("Pasternack") in relation to his employment and eventual termination by UPS. (Dkt. No. 1.) Although the complaint speaks primarily to the employment discrimination Ahmed supposedly faced while working at UPS, it lists a claim against Pasternack, Ahmed's former counsel, for "[f]ailure to provide accurate representation" in a worker compensation matter. (Dkt. No. 1 at 4.) On February 11, 2021, Pasternack moved to dismiss this claim under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject-matter jurisdiction.[1] (Dkt. No. 13.)

        Federal courts are courts of limited subject-matter jurisdiction. They can hear cases arising under federal statutes, which implicate "federal question jurisdiction," and cases involving citizens of different states, which implicate "diversity jurisdiction." *Wright v. Musanti*, 887 F.3d 577, 583–84 (2d Cir. 2018). To the extent that a federal court has federal question or

---

[1] Ahmed has not filed any opposition to Pasternack's motion to dismiss. "[A]lthough a party is of course to be given a reasonable opportunity to respond to an opponent's motion," *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000), the Court may resolve an unopposed motion to dismiss, *see, e.g., Vargas v. Person*, No. 13-cv-4699, 2014 WL 1054021, at *2 (S.D.N.Y. Mar. 17, 2014).

diversity jurisdiction over some claims in a case, the court may exercise "supplemental jurisdiction" over related claims that form part of the same controversy.  *See* 28 U.S.C. § 1367.

Here, Ahmed has not carried his burden of proving that federal question, diversity, or supplemental jurisdiction exists with respect to his claim against Pasternack.  *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted) ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."). Ahmed's claim against Pasternack, that the firm failed to provide adequate representation in a workers' compensation matter, reads as a legal malpractice claim.  It is well established that a "cause of action . . . against [a] lawyer, whether sounding in professional malpractice, tort, or otherwise, is one of state law insufficient to vest a federal court with [federal question] jurisdiction." *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975).  Likewise, the complaint does not permit the Court to conclude that diversity jurisdiction exists.  Ahmed does not allege his citizenship, Pasternack's citizenship, or that he and Pasternack are citizens of different states. Notwithstanding the "less stringent" pleading standards applied to *pro se* complaints, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted), Ahmed's failure to allege citizenship "is fatal to [any suggestion] that the Court may exercise diversity jurisdiction." *Jenkins v. Virgin Atl. Airways, Ltd.*, 46 F. Supp. 2d 271, 274 (S.D.N.Y. 1999).  Finally, the complaint provides no reason for the Court to believe that Ahmed's malpractice claim against Pasternack is sufficiently related to Ahmed's employment discrimination claims against UPS, so as to warrant an exercise of supplemental jurisdiction:  There is no perceivable "common nucleus of operative fact" between the Pasternack's handling of Ahmed's workers' compensation matter and the day-to-day discrimination that Ahmed alleges he suffered at the hands of his UPS colleagues. *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006); *see also Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000) ("[Courts] have found

[supplemental] jurisdiction lacking when federal and state claims rested on essentially unrelated facts.").

It follows that the Court lacks any form of subject-matter jurisdiction over Ahmed's claim against Pasternack. Pasternack's motion to dismiss is therefore GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 4

SO ORDERED.

Dated: August 6, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge